UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CRAIG DOWLING,

    Plaintiff,

v.                                                  No.: 3:06-cv-451
                                                            (VARLAN/GUYTON)

OFFICER STEVE KLEMENT,
CPL. BROWN, OFFICER HURST,
OFFICER HILL, LT. COX, and THE
KNOX COUNTY SHERIFF'S DEPT.,

    Defendants.

**MEMORANDUM OPINION**

This *pro se* prisoner's civil rights action under 42 U.S.C. § 1983 was filed *in forma pauperis* in the United States District Court for the Middle District of Tennessee, Nashville Division, and transferred to this court without service of process. For the following reasons, the complaint will be **DISMISSED WITHOUT PREJUDICE**.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Porter v. Nussle*, 534 U.S. 516 (2002). *See also Curry v. Scott*, 249 F.3d 493, 501 n.2 (6th Cir. 2001) ("We note, however, that, while it is true we have concluded § 1997e does not impose a jurisdictional bar to federal jurisdiction, we have also concluded

that the obligation to exhaust administrative remedies before resort to federal court is a mandatory one.") (citations omitted).

In order to demonstrate that he has exhausted his administrative remedies, "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). A prisoner cannot simply state in his complaint that his claims have been exhausted. *Id*. "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id*.

Plaintiff is in the custody of the Tennessee Department of Correction. His complaint concerns several incidents that occurred during his confinement in the Knox County Detention Facility. The defendants are the Knox County Sheriff's Department and five officers with the detention facility. Plaintiff claims that he filed several grievances with respect to the incidents, which were not acknowledged. Plaintiff has not provided the court with copies of the grievances, however, nor has he described each grievance with particularity. In addition, plaintiff states that he is appealing the grievances to the next level. Under the circumstances, plaintiff has not shown that he has exhausted all available remedies.

Accordingly, plaintiff's complaint shall be **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e. The court will **CERTIFY** that any appeal from this action

would not be taken in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE